IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LULA LOTT                                                        PLAINTIFF

VS.                               CIVIL ACTION NO. 5:06-cv-175(DCB)(JMR)

KEITH GARNER, AMERIQUEST
MORTGAGE CO., and JOHN DOES A-Z                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Ameriquest Mortgage Co. ("Ameriquest")'s motion to dismiss **(docket entry 2)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

In her complaint, the plaintiff, Lula Lott, alleges that in 2005 she contacted defendant Keith Garner regarding refinancing her home. Complaint, ¶¶ 4-5. Garner represented to her that it was necessary for her to quitclaim her home to him, which she did. Complaint, ¶ 6. The complaint further alleges that Garner refinanced the home with defendant Ameriquest and "stripped all of the equity out of the property." Complaint, ¶ 7. Lott also states that "[u]pon information and belief, individuals in the employ of Ameriquest are familiar with Mr. Garner and his practices, yet issued a loan to him based on his possession of the quitclaim deed." Complaint, ¶ 7.

Ameriquest moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be

granted. A complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations. All that is required is "enough facts to state a claim that is plausible on its face," as opposed to mere labels and conclusions that state only a speculative or conceivable claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Capital Parks, Inc. v. Southeastern Adver. And Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994). The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims, and does not address whether the plaintiff will ultimately prevail on the merits. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

In her response to the motion to dismiss, the plaintiff contends that she is asserting three state law claims against Ameriquest: negligence, gross negligence, and breach of the duty of good faith and fair dealing. Plaintiff's Response, ¶ 2. The duty of good faith and fair dealing arises only from a contractual relationship. See Robinson v. Southern Farm Bureau Cas. Co., 915 So.2d 516, 520 (Miss. Ct. App. 2005). Lott does not allege the existence of any contract between herself and Ameriquest. However, viewing the facts pled in the complaint in the light most favorable to the plaintiff, the Court finds that she arguably alleges that

she was an intended third party beneficiary of the contract between Garner and Ameriquest, which could give rise to a duty of good faith and fair dealing.

As for negligence, Mississippi law requires a plaintiff to prove (1) a duty, (2) breach of duty, (3) proximate cause, and (4) injury. Schepens v. City of Long Beach, 924 So.2d 620, 623 (Miss. Ct. App. 2006). In addition, a claim for gross negligence requires the plaintiff to show that the defendant was involved in a "course of conduct which, under the particular circumstances, [disclosed] a reckless indifference to consequences without the exertion of any substantial effort to avoid them." Ezell v. Bellsouth Telecommunications, Inc., 961 F.Supp. 149, 152 (S.D. Miss. 1997).

Ameriquest argues that it owed no duty to the plaintiff. As a general rule, a mortgage company has no duty to non-customers. See, e.g., Software Design & Applications, Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 479 (1996). However, affording the plaintiff a liberal reading of her complaint, the court finds that she has alleged facts from which the Court might infer that a special relationship existed between her and Ameriquest, sufficient to create a duty to warn. See id. (citing Sun 'n Sand, Inc. v. United California Bank, 21 Cal.3d 671 (1978)).

The Court therefore finds, with regard to Lott's claims for negligence, gross negligence, and breach of the duty of good faith and fair dealing, that she has stated enough facts to state a claim

3

that is plausible on its face.  The motion to dismiss shall be denied, with leave to file a motion for summary judgment.  As for the plaintiff's remaining claims, which she did not assert in her response to the motion to dismiss, the Court finds that Ameriquest's motion should be granted.  Accordingly,

IT IS HEREBY ORDERED that the defendant Ameriquest Mortgage Co.'s motion to dismiss **(docket entry 2)** is GRANTED IN PART AND DENIED in part as follows: GRANTED as to the plaintiff's claims for breach of contract, tortious breach of contract, breach of standards and procedures pertaining to the refinancing of loans, breach of underwriting procedures, and promissory and equitable estoppel; DENIED as to the plaintiff's claims for negligence, gross negligence, and breach of the duty of good faith and fair dealing.

SO ORDERED, this the  25th  day of September, 2007.

                                                s/ David Bramlette  
                                             UNITED STATES DISTRICT JUDGE